THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Beverly M. Ffrench, Appellant,
 
 
 

v.

 
 
 
 Adolph F. Ffrench, Respondent.
 
 
 

Appeal From Richland County
W. Jeffrey Young, Family Court Judge

Unpublished Opinion No. 2006-UP-079
Submitted February 1, 2006  Filed February 10, 2006

AFFIRMED

 
 
 
 William Michael Duncan, of Columbia, for Appellant.
 Herbert E. Buhl, III, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Beverly Ffrench (Wife) appeals the family courts order finding her in contempt of a decree of separate maintenance (the Decree).  On appeal, Wife contends the family court erred in failing to grant a continuance and in finding Wife owed Adolph Ffrench (Husband) $59,770.82 pursuant to the Decree.  We affirm.[1]
FACTS
Husband and Wife married on May 2, 1975, and the couple separated on June 11, 2002.  Wife filed a complaint in the family court requesting a decree of separate maintenance.  Husband and Wife reached an agreement (the Agreement) on September 30, 2002 that provided, in relevant part:

 [Wife] agrees to give [Husband] forty nine (49 %) percent her [sic] share in the Corporation [Bevad], Inc.  The corporation [sic] sole asset is the property located at 308 Whitehurst Way, Columbia, SC 29229 with an approximate value of $110,000.00.  The parties agree to share the proceeds of the sale: 51% to [Wife] and 49 % to [Husband].

The family court held a hearing, at which Husband and Wife presented the Agreement to the court for approval.  On February 7, 2003, the family court issued the Decree, which provided, in relevant part:

 The marital residence which is titled in the corporate name of Bevad, Inc., shall be sold and the net proceeds of the sale shall be divided between the parties.  [Wife] shall receive fifty one (51 %) percent of the net proceeds of sale and [Husband] shall receive forty nine (49 %) percent of the net proceeds of sale.

The Decree incorporated the Agreement, which the family court attached.  On March 28, 2003, Bevad, Inc. sold the property at Whitehurst Way and received $121,981.28 in net proceeds.  Wife signed the settlement statement as the president of Bevad, Inc. 
On October 9, 2003, Husband and Wife again appeared before the family court, this time to receive a final divorce decree.  Wife testified at this hearing that all financial matters had been dealt with by the Decree, and further affirmed that [t]heres nothing left to be exchanged . . . .  On cross-examination, Husbands attorney asked Wife about the sale of the property.  Wife explained it had been sold in March of 2003, and Husband received his share of the proceeds in April of 2003.  Furthermore, she testified a check was written to him from Bevad, Inc., and he cashed the check.[2]  The family court granted a divorce, but did not address the issue of outstanding financial obligations between the parties.
On August 4, 2004, Husband filed a complaint and rule to show cause in the family court, alleging Wife violated the Decree.  On August 9, 2004, the family court issued a rule to show cause, ordering Wife to appear and explain why she should not be held in contempt of the Decree.  The family court held a hearing on August 24, 2004, at which Wife appeared pro se. 
At the hearing, Husband testified he received no money from the sale of the property and no one else owned an interest in the property.  Wife asserted she deposited $27,005.04 of the proceeds in Husbands bank account with South Carolina Federal Credit Union.  However, she also indicated she took $24,000 of that money out of the account and transferred it into a certificate of deposit (COD) in Husbands name.  A bank statement shows a deposit of $27,000.00, and a withdrawal four days later of $24,000.00.  Wife admitted she authorized the transfer to the COD, but she provided no documents evidencing the COD at the hearing. 
As an explanation for why she only transferred $27,000 to Husband, Wife initially asserted she had to pay all of the people from whom she borrowed the money to buy the property.  She explained she had proof of these loans, but did not bring it to court.  Later at the hearing, Wife testified the corporation owned the property, she only owned fifty-one percent of the corporation, the couples son owned the other forty-nine percent of the corporation, and their son received his proceeds.[3]
On September 14, 2004, the family court issued an order finding Wife in willful contempt of the Decree.  The order stated: The parties testified that although the former marital home was titled in the name of Bevad, Inc. that this was a corporation completely owned by [Husband and Wife], and this property was used as the marital residence and it was in their control.  The order further stated the terms of the Decree were clear and unambiguous, and Wife was required under its terms to pay Husband forty-nine percent of the sale proceeds, which equaled $59,770.82.
The family court sentenced Wife to ten days in the Richland County Detention Center, suspended upon the payment of $59,770.82 to Husband by November 1, 2004, and attorneys fees to Husband by December 1, 2004.  This appeal followed.
LAW/ANALYSIS
Wife contends the family court erred in denying her a continuance at the contempt hearing.  We find this issue is not preserved for our review.
An issue must have been raised to and ruled upon by the trial court to be preserved for appellate review.  Floyd v. Floyd, 365 S.C. 56, 73, 615 S.E.2d 465, 474 (Ct. App. 2005).  At the contempt hearing, the following colloquy took place between the family court and Wife:

 The court: Did you have time to get an attorney?
 Ms. Ffrench: No; I did not, I got papers on Thursday night, I was at the hospital on Friday, and I have documentation to prove that.  My blood pressure was 180/106, I was having trembling in my arm, and
 The court: Okay.
 Ms. Ffrench: So, I brought what I have to prove to the court.
 The court: Okay; you may proceed.

Even assuming Wife properly raised the issue of a continuance to the family court, she did not assert a legal basis for this motion, and the judge did not make a ruling.  Therefore, this issue is not preserved for our review.
Wife also argues the family court erred in finding she owed $59,770.82 in accordance with the Decree.  Specifically, Wife argues the family court erred in interpreting the Decree.  We disagree.
A contempt hearing lies in equity, and an appellate court may thus make its own findings of fact.  See Lindsay v. Lindsay, 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct. App. 1997) (Inasmuch as this [action for contempt] is an action in equity, we may make our own findings of fact.).  However, we are not required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).
Wife testified at the contempt hearing that her son owned forty-nine percent of Bevad, Inc., and she had to pay people who loaned her money to purchase the property.  However, Wifes testimony is the only evidence of either of these assertions.  Based on its findings, the family court clearly gave Wifes testimony no credence.  Wife previously testified that Husband cashed a check written to him from Bevad, Inc.  In the contempt hearing, however, she testified the proceeds of the sale were put into a checking account to which she had access.  Wife never offered any explanation for the inconsistencies in these two statements.  Wifes equivocations support the family courts refusal to give any credibility to her bald assertion that her son owns an interest in Bevad, Inc., or that she had to pay creditors with respect to the sale of the property.  We find the family court properly disregarded Wifes testimony in interpreting the Decree.  We therefore hold the family court did not err in finding Wife owed $59,770.82 in accordance with the Decree.
AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Husband did not appear at this hearing, but his attorney appeared on his behalf.
[3] In the record on appeal, Wife included the affidavit of her son, Bradley M. Ffrench, corroborating this testimony.  However, Rule 210(c), SCACR, provides [t]he Record [on Appeal] shall not . . . include matter which was not presented to the lower court or tribunal.  Therefore, we give this affidavit no efficacy.